UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PERICLES CLERGEAU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-cv-10136-LTS |
| DEPARTMENT OF CORRECTION, et al., | ) ) | |
| Defendants. | ) ) ) | |

ORDER

March 26, 2021

SOROKIN, D.J.

*Pro se* plaintiff Pericles Clergeau, who is incarcerated at the Souza-Baranowski Correctional Center ("SBCC"), as filed a civil action in which he alleges that correctional officers used excessive force against him. He further alleges that current and present prison officials have shown deliberate indifference to his serious medical needs and have failed to accommodate his disability. Clergeau has filed motions for leave to proceed *in forma pauperis* and for the appointment of counsel.

Upon consideration of Clergeau's motions and review his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A,[1] the Court hereby orders:

---

[1] These statutes permit the Court to conduct its own review of a complaint filed by a person proceeding *in forma pauperis* and by a prisoner plaintiff. The Court may dismiss the complaint or any part thereof that fails to state a claim upon which relief may be granted, is malicious, is frivolous, or seeks damages against a party immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

1. The motion for leave to proceed *in forma pauperis* is GRANTED. An initial partial filing fee of $20.16 is assessed. The remainder of the fee, $329.84, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall provide a copy of this Order to the treasurer of the institution having custody of Clergeau.

2. The Commonwealth of Massachusetts shall be the sole defendant for Clergeau's claim under the Americans with Disabilities Act ("ADA"). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government." 42 U.S.C. § 12131(1). Although this term does include state prisons, *see Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998), an individual sued in his or her individual capacity is not liable under Title II of the ADA, *see Wiesman v. Hill*, 629 F. Supp. 2d 106, 112 (D. Mass. 2009).[2]

3. The claims under 42 U.S.C. § 1983 ("§ 1983") against the Commonwealth of Massachusetts and individuals acting in their official capacities are DISMISSED. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Nonetheless, neither a state nor a state employee

---

[2] Technically Clergeau could assert ADA claims against the individuals acting in their official capacity, they would be duplicative of the ADA claim against Commonwealth of Massachusetts because official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).

acting in its official capacity is a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

4. The Clerk shall issue summonses for all defendants. Clergeau is responsible for ensuring that (a) the defendants are served with a summons, the complaint, and this order; and (b) said service is executed in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. The aforesaid service must be completed within 90 days of the issuance of the summonses. Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

6. Because Clergeau is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve the summonses, complaint, and this order on the defendants as directed by the plaintiff. Clergeau is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide Clergeau with forms and instructions for service by the USMS.

7. The motion for appointment of counsel is DENIED without prejudice to renewal after the defendants have been served with and responded to the complaint.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE