# EXHIBIT A

United States of America
District of
Massachusetts

FILED
IN CLERKS OFFICE

2021 JAN 26 AM 11: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

PERICLES CLERGEAU
        Plaintiff

                    Case No.

        V

Department of Correction, Agency of the Commonwealth
 sued in its official capacity.

Alexander P. Lussier, Correctional Officer,

Christopher Shaw, correctional Officer,

Nicholas M. Polak, correctional Officer,

Joseph R. Sampson, Ex Correctional Officer,

Lt. David Keeler, correctional Officer,

Thomas E. Evans, Correctional Officer,

Steven Silva, Previous superintendant at SBCC,

Steven Kenneway, Previous superintendant at SBCC,

Dean Gray, standing superintendant at SBCC,

Carol A. Mici, Commissioner of Correction,
all of the defendants are sued in both their individual
and official capacities.

## VERIFIED COMPLAINT

### I. Introduction

Now comes the Plaintiff, PERICLES CLERGEAU (pro-se),
a prisoner in the Massachusetts Department of Correction
diagnosed with a Serious Mental Illness ("SMI") and
brings this Civil Action pursuant 42 USCs 1997 ; 42 USCs
1983 ; 42 USC 12101 ADA to redress the deprivation under color
of law for willfully, intentionally and unconstitutionally
interferring, blocking and or stopping Plaintiff's 8th
Amendment Right to be free from cruel and unusual
punishment due to the deliberate indifference of

mental impairment by the defendants Lussier, Polak, Sampson, McNamara, Shaw who used Excessive Force on Plaintiff while handcuffed and on the ground causing physical injuries which were reported and documented, defendant Lt. Keeler witnessed the assault and did not intervene to stop the excessive use of Force, the defendant lied under oath on reports to cover the beating, Internal Affairs opened a Investigation of incident finding staff misconduct, the incident resulted in retaliation allowed by defendants Silva, Kenneway, Gray and Mici who have failed to remedy systematic deficiencies in medical services in violation of the United States Constitution, clearly established law enumerated in Kingsley v. Hendrickson, 511 US 825, 114 S.Ct 1970, 128 L.Ed 2d 811 (1994) and in complete disregard of 103 CMR 505.00 et seq Use of Force Regulation; 103 CMR 400.00 et seq. Inmate Management Regulation; 103 CMR 650.00 et seq Mental Health Policy, to Violate Plaintiff's Federal civil rights, Plaintiff Seeks monetary damages to redress and remedy the deprivation of his Constitutional rights. Plaintiff prays also for Injunctive and declatory relief against custom and practices of the Department of Correction as violative of the federal guarantees and rights of the Plaintiff and all prisoners who have, are, or will be subjected to the customs, practices and conditions of the defendant.

## II.   JURISDICTION

1. Jurisdiction is invoked upon this Court pursuant 28 USC s 1331 to hear Federal question for issues arising under 42 USC s 1997; 42 USC s 1983; 42 USC s 12101 and the 8th Amendment of Constitution.

2. This Court is authorized to render declatory judgement pursuant Fed. R. Civ. P. 56

3. This Court is authorized to render injunctive relief pursuant Fed. R. Civ. P. 65

4. All of the acts and ommissions complained of herein all took place in the state of Massachusetts

## III.   PARTIES

1. PERICLES CLERGEAU, the Plaintiff is a prisoner diagnosed with a SMI in the Mass. DOC, is a citizen of the Commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000, Shirley, MA 01464

2. Department of Correction, defendant an agency of the Commonwealth is at all times relevant to this action. Its address is: Executive Office of Public Safety and Security, 50 Maple St Suite 3 Milford, MA 01757

3. Alexander P. Lussier, defendant is a correctional officer under oath pursuant blc 125 s10, is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000, Shirley, MA 01464

4. Christopher Shaw, defendant is a correctional officer under oath pursuant blc 125s10, is believed to be a citizen of the Commonweath and is at all times relevant to this action. His current address is: P.O. Box 8000, Shirley, MA 01464

5. Nicholas M. Polak, defendant is a correctional officer pursuant blc 125 s10, is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000 Shirley, MA 01464

6. Joseph R. Sampson, defendant was a correctional officer during incident, is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is his last place of business: 50 Maple St Suite 3 Milford, MA 01757

7. Lt. David Keeler, defendant is a correctional officer under oath pursuant blc 125s10, is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000, Shirley, MA 01464

8. Thomas E. Evans, defendant is a Correctional Officer under oath pursuant 6lc 125 s 10, is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000, Shirley, MA 01464

9. Steven Silva, defendant was the previous Superintendant at SBCC powers defined under 6lc 125 s 2 ; 14 is believed to be a citizen of the Common wealth and is at all times relevant to this action. His current address is: 50 Maple St Suite 3 Milford, MA 01757

10. Steven Kenneway, defendant was the previous Superintendant at SBCC powers defined under 6lc 125 s 2 ; s 14 is believed to be a citizen of the Commonwealth and is at all times relevant to this action. His current address is: 50 Maple St Suite 3, Milford, MA 01757

11. Dean Gray, defendant is Standing Superintendant at SBCC, is believed to be a citizen of the commonwealth and is at all times relevant to this action. His current address is: P.O. Box 8000 Shirley, MA 01464

12. Carol A. Mici, defendant is the Commissioner of Correction, is believed to be a citizen of the Commonwealth and is at all time relevant to this action. Her current address is: 50 Maple St Suite 3, Milford, MA 01757

## IV.        STATEMENT OF THE FACTS

13. In 2018 Plaintiff, a SMI inmate, was housed at the SBCC Facility in the P-1 housing unit.

14. On 6-30-18 defendant Officer Shaw during 1st Shift count time made his round, stopped at the Plaintiff's cell door Kicking it, and threatened and criticized Plaintiff's mental illness.

15. When Plaintiff was let out of his cell he acted against the threats of defendant Shaw made to him sparking a mental episode lashing out against defendants Shaw and Lussier.

16. The defendant Lussier hit the panic button and a emergency response was activated in the P-1 unit.

17. The first two responding officers were defendants D'Amato and Sampson, immediately going into the back room behind the officer station where Plaintiff was pinned on the ground.

18. Defendant Lt. Keeler entering the unit witnessed the Plaintiff, in restraints, in the backroom on the ground being assaulted by defendants D'Amato, Lussier, Shaw and Sampson who was Kicking him in the face.

19. Defendant Shaw then exited the back room and was taken out of the unit after a quick assesment by LPN Gryncewicz.

20. While the assesment was taking place the Plaintiff was still in the back room being beaten while handcuffed and on the floor by defendants Lussier, Sampson, D'Amato also by defendants Evans and Polak that had by this time entered the unit.

21. After the beating the Plaintiff was escorted from P-1 housing to the HSU by defendants Polak and Sampson.

22. Plaintiff was seen in HSU outpatient exam room #3 by RN Mike Mejia who noted he was missing the left front tooth #9 and tooth #10 was broken in half, there was some mild swelling to left upper lip.

23. Afterward Plaintiff was escorted by defendants Polak and Sampsom to HSU cell #2 where defendant Sampson deliberately tripped the Plaintiff dropping him to the ground.

24. Then Defendants and Officer McNamara removed the leg restraints, cut of the Plaintiff's clothes with safety shears, searched, redressed him then officers exited the cell, defendant Sampson removed the handcuffs ending the use of force.

25. On 6-30-18 was taken to Umass Memorial hospital in Leomester and admitted where professional assesment produced details of more substantive physical injuries sustained by the Plaintiff. Attached as "EX B" is medical Record certification produced by court order.

26. On 6-30-18 defendant Silva sent to Director Charles Primack a use of force cover letter where he lied under oath to cover up excessive use of force by his staff.

27. Defendant Lt. keeler prepared use of force package where he lied under oath.

28. Sgt. Forget along with defendants Polak, Sampson and McNamara lied under oath in IMS report about the fall in the HSU to cover up their excessive use of force blaming the fall and the Plaintiff for his injuries.

29. On 11-7-18 intake# 16977 was received by internal Affairs. Attached as "EX C" is investigation report, use of force cover letter and use of force package.

30. Intake was initiated under the direction of acting superintendant Phelps, see EXC, only after Plaintiff exhausted all administrative remedies. Attached as "EXD" is administrative remedies - Letter fromAttorney General responding to Plaintiff's letter of Presentment, Public safety and Security office letter responding to presentment letter and both institutional and medical grievances

31. Stephen Jr. Gatewood was the staff assigned to investigation of staff misconduct by defendant Sampson in the use of excessive force of which was sustained therefore per Chief David Shaw the investigation is administratively closed.

32. On 2017-2018 Legislative Session enacted into law Senate No. 2371- Criminal Justice Reform Act ("Crime Bill") an emergency law enacted for public Convenience Setting a deadline of 12-31-18 for the Doc to implement minimum mandatory reforms for inmates in Isolation and SMI inmates of which the Doc regime has not Complied with.

33. Plaintiff is at present housed at SBCC in the Secure Treatment Unit for SMI inmates where he still suffers retaliation by officers who are not qualified due to lack of training to deal with SMI inmates. See EX D.

34. Food is used as punishment see EX D.

35. Defendant Kenneway has implemented customs and practices that allows retaliation for staff created climate issues resulting in the wanton use of violence, disregarding liberty interest of plaintiff and others accumulating in crimes against humanity.

36. Crisis watch cell aka suicide cell is used as punishment and a form of torture.

37. The living circumstances of the plaintiff and other prisoners is so atypical and significantly harsh that in February of 2020 many organizations including state senators and representatives had to step into the building and meet with plaintiff and others to conduct investigations.

38. Defendant Gray is at the time the standing superintendant at SBCC who has kept in place customs and practices that still deny proper mental health treatment

39. The STP Handbook implements adopted Doc practices for mental health treatment that is contradicted by post orders of officers by defendants Kenneway and Gray.

40. Defendant Kenneway signed of on STP Handbook in 2019 but it is the same version of the 2013 edition which is incompatible with current statutes in many aspects.

41. Defendant Mici Knowingly along with defendant Gray continue to disregard the serious harm that Plaintiff has suffered and the ongoing risk to his safety due to the deliberate indifference to retaliatory acts that include threats, use of force. See EX D

42. Defendant Mici refuses to fully and meaningfully implement minimum mandatory reforms.

43. Plaintiff can't sleep, is nervous all the time, has anxiety, fear

## V.                    CAUSE OF ACTION
                        42 USC s 1997

44. Plaintiff realleges and restates paragraphs 1-43 as fully state hereinafter.

45. All administrative remedies have been exhausted see EX D

46. Plaintiff has suffered physical injuries see EX B.

### AMERICANS WITH DISABILITIES ACT
                42 USC s 12101

### COUNT II

47. Plaintiff realleges and restates paragraphs 1-46 as fully stated hereinafter.

48. Plaintiff has a disability as described in the IADA Definition- (1) Disability, (A),(B),(c), (2), (A); and in the 5th edition of the Diagnostics and Statistical Manual of Mental Disorders.

49. Plaintiff has been subjected to actions by all the defendants prohibited under this Act because of actual and perceived mental impairment due to the deliberate indifference of the defendants and their failure to remedy systematic deficiencies in medical services.

50. All of the defendants have failed to accomodate the plaintiff even after being aware of disability and the defendants due to their deliberate indifference failed to reasonably accomodate the disability.

51. Defendants Mici, Silva, Kenneway and Gray have failed to properly train DOC staff allowing governmental arbitrary treatment of plaintiff favoring violent tactics and stripping of liberties to enforce obedience instead of providing treatment.

## ~~Eighth~~ 8th AMENDMENT
## COUNT ~~III~~

52. Plaintiff realleges and restates paragraphs 1-51 as fully stated hereinafter

53. The defendants Lussier, Shaw, Polak, Sampson, Keeler and Evans clearly violated plaintiff's 8th Amendment Right to be free from cruel and unusual punishment by using excessive force while plaintiff was handcuffed and shackled and failed to take the necessary steps to correct the violations even after

receiving notice of clearly established 8th Amendment Right lying on reports to cover up their actions in complete disregard of 103 CMR 505.00 Use of force Regulation ; 103 CMR 400.00 Inmate Management Regulation and 103 CMR 650.00 Mental Health Policy.

54. The defendants Mici, Silva, Kenneway and bray clearly violated Plaintiff's 8th Amendment Right to be free from cruel and unusual punishment by showing Deliberate indifference to serious medical needs of Plaintiff, allowing retaliatory acts and failed to take the necessary steps to correct the violations even after receiving notice of clearly established 8th Amendment Right creating atypical and significantly harsh living conditions denying mental health treatment, proper staff training, allowing police brutality, systematic racism, failing to remedy deficiencies in medical services causing the unecessary and wanton infliction of pain in complete disregard of 103 CMR 505.00 ; 103 CMR 400.00 ; 103 CMR 650.00 and other various Title XVIII violations

55. The failure of all the defendants to timely and reasonably correct the violation of Plaintiff's 8th Amendment.

56. All of the failed to enforce clearly established Mass. Doc Regulation, laws of the Commonwealth of Mass., the provisions of the United States Constitution and the challenged conduct violates the guarantees of liberty.

57. All of the defendants acting under the color of law and the authority of the Mass. DOC intentionally, negligently and with complete deliberate indifference for plaintiff's rights caused through their acts and ommissions Plaintiff to be deprived of his constitutional rights, including but not limited to those under the 8th Amendment by ignoring complaints about excessive use of force, retaliation and the systematic deficiencies in medical services, failing to correct the violation.

58. All of the defendants knew or should have known, that showing deliberate indifference to serious medical need, excessive use of force, retaliation in violation of plaintiff's 8th Amendment right to be free from cruel and unusual punishment pursuant to 103 CMR 650.00; 103 CMR 400.00; 103 CMR 505.00 would result in atypical and significantly harsh conditions, unecessary and wanton infliction of pain in deprivation of basic human rights of the 8th Amendment, Commonwealth of Massachusetts law resulting in crimes against humanity.

## PHYSICAL INJURY
## COUNT IV

59. Defendants Lussier, Shaw, Polak, Sampson, Keeler, and Evans behaved outrageously with deliberate and intentional action using excessive force while plaintiff was in handcuffs and shackles causing substantive physical injuries

60. As a direct and proximate result of the defendants' actions the plaintiff has suffered and continues to suffer the injuries.

## EMOTIONAL DISTRESS
## COUNT V

61. All of the defendants behaved outrageously with deliberate indiffence and intentional action against the serious medical needs of the plaintiff, not implementing minimum mandatory reforms, failing to remedy systematic deficiencies in medical services causing uncertainty, apprehension, fear, anguish, and traumatic mental and emotional suffering due to excessive use of force, retaliation and proper mental health treatment.

62. As a result of the defendants' actions the plaintiff has suffered and continues to suffer the injuries and psychological harm.

# INJUNCTIVE RELIEF

WHEREFORE, the plaintiff request he be granted a tempoary restraining order or preliminary injunction as:

a) the defendant and all persons acting under the direction, control, permission or authority of defendant shall be enjoined and restoained from the use of excessive force and retalitory acts and failing to remedy the systematic deficiencies in the medical services.

b) There is no reasonable actionable remedy of law to provide for the damages against Plaintiff's constitutional and civil rights as a result of the defendants' actions and conduct.

## DECLATORY JUDGEMENT

63. Declare the right of the Plaintiff to be free from cruel and unusual punishment in not having excessive use of force used against him and to go through the use of force Regulation 103 CMR 505.00

64. Declare the right of Plaintiff to go through the Mental Health Policy 103 CMR 650.00

65. Declare that Plaintiff has 8th Amendment liberty interest in being reasonably accomodated and have sanctions placed on him in a manner that is not inconsistent with Doc regulation, proper medical services in manner as provided by law, human rights and Crime Bill.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant him the Following:

A. Issue a tempoary restraining order or preliminary injunction to cease and desist from retalitory acts.

B. Award compesatory damages for Plaintiff's physical injuries.

C. Award compesatory damages against defendants Lussier, Shaw, Polak, Sampson, Keeler, Evans, Silva, Kenneway, Gray and Mici each in their individual capacities in the amount of $100,000.00 each for 8th Amendment of the United States Constitution, Federal Civil rights violation.

D. Grant Plaintiff Jury trial.

E. Award Punitive damages.

F. Award Attorney fees.

G. Award Plaintiff Cost he incurs in this action.

H. Grant any other Relief this Court deems Just and proper.

Date!                           Respectfully Submitted,

                                s/

                                PERICLES CLERGEAU (pro-se)
                                P.O. Box 8000
                                Shirley, MA 01464

### CERTIFICATION

The undersigned certifies that the Facts alleged herein are true and accurate under the pains and Penalties of Perjury

PERICLES CLERGEAU

**Pericles Clergeau**
W108106
Souza-Baranowski Correctional Center
PO Box 8000
Shirley, MA 01464