**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION No. 21-10136**

**PERICLES CLERGEAU,**
    **Plaintiff**

    **v.**

**MASSACHUSETTS DEPARTMENT OF CORRECTION, et al.,**
    **Defendants**

**ANSWER OF DEFENDANTS**
**MA DEPARTMENT OF CORRECTION, MICI, GRAY, KENNEWAY,**
**LUSSIER, SHAW, and KEELER**

Defendants Department of Correction, Carol Mici, Stephen Kenneway, Dean Gray, Alexander Lussier, Christopher Shaw, Nicholas Polak, and David Keeler answer the Complaint paragraph by paragraph as follows.

## INTRODUCTION

This paragraph states the jurisdiction of the court, which does not call for a responsive pleading. To the extent that allegations of fact are made, they are denied.

## JURISDICTION

1-4.    These paragraph state the jurisdiction of the court, which do not call for a responsive pleading. To the extent that allegations of fact are made, they are denied

## PARTIES

1. Upon information and belief, the defendants admit the allegations as to the plaintiff's identity and deny any medical diagnosis and call on plaintiff to prove same.

2. The defendants admit that the Department of Correction is a state agency.

3. Admit that Mr. Lussier was a correction officer and deny the remaining allegations.

4. Admit that Mr. Shaw was a correction officer and deny the remaining allegations.

5. Admit that Mr. Polak was a correction officer and deny the remaining allegations.

6. Admit that Mr. Sampson was a correction officer and deny the remaining allegations.

7. Admit the Mr. Keeler was a correction officer and deny remaining allegations.

8. Admit that Mr. Evans was a correction officer and deny remaining allegations.

9. Admit that Mr. Silva was superintendent of SBCC at one time, and deny remaining allegations.

10. Admit that Mr. Kenneway was a superintendent of SBCC at one time and deny remai8ning allegations.

11. Admit that Mr. Gray is the current superintendent of SBCC, and deny the remaining allegations.

12. Admit that Carol Mici is the Commissioner of the Department of Correction and deny remaining allegations

13. The defendants are without knowledge to admit or deny these allegations except to the extent that the plaintiff was an inmate housed at SBCC at the time.

14. Denied.

15. Admit only to the extent that the plaintiff was disruptive and deny remaining allegations.

16. Admit only to the extent that the plaintiff's assault on officers required an emergency response.

17. Denied.

18. Denied.

19. Admit only to the extent that Mr. Shaw was taken out of the unit at some point and was medically assessed.

20. Denied.

21. Deny any beating of the plaintiff; admit that the plaintiff was escorted to the HSU.

22. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

23. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

24. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

25. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

26. Denied.

27. Denied.

28. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

29. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

30. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

31. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

32. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

33. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

34. Denied.

35. Denied.

36. Denied.

37. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

38. Denied.

39. Denied.

40. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

41. Denied.

42. Denied.

43. The defendants do not have the knowledge or information to respond to this allegation, deny it, and call on plaintiff to prove same.

**CAUSES OF ACTION**

**42 USC §1997**

44. Responses in the foregoing paragraphs are incorporated as if fully set forth herein.

45. Denied.

46. Denied.

## AMERICANS WITH DISABILITIES ACT

## 42 USC §12101

## <u>COUNT II</u>

47. Responses in the foregoing paragraphs are incorporated as if fully set forth herein.

48. Defendants have no knowledge to admit or deny and call on plaintiff to prove same.

49. Denied.

50. Denied.

51. Denied.

## 8TH AMENDMENT

## COUNT III

52. Responses in the foregoing paragraphs are incorporated as if fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PHYSICAL INJURY

## COUNT IV

59. Denied.

60. Denied.

## EMOTIONAL DISTRESS

## COUNT V

61. Responses in the foregoing paragraphs are incorporated as if fully set forth herein.

62. Denied.

## DECLARATORY JUDGMENT

63. – 65. The defendants deny all requests.

## DEMANDS FOR RELIEF

The defendants deny each and every claim for relief.

## <u>AFFIRMATIVE DEFENSES</u>

1. The plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The defendants are entitled to qualified immunity.

3. By his own acts and omissions, the plaintiff has waived any claims that he may have had against the defendants for any of the matters asserted in his Complaint.

4. By his own acts and omissions, the plaintiff is estopped from raising any of the claims he might have had against the defendants for any of the matters asserted in his Complaint.

5. The plaintiff, through his own acts or omissions, is responsible for any injury suffered by him if any injury has actually occurred.

6. Insofar as the defendants are named in their official capacity in a claim for damages, the suit is barred by sovereign immunity.

7. The injuries allegedly sustained by the plaintiff resulted from dangers, the risk of which the plaintiff assumed, and therefore, he cannot recover.

8. Any actions taken by the defendants were performed within the scope of their employment, authority and jurisdiction and made in good faith, without malice and without corruption and the defendants are entitled to common law immunity.

9. The individual defendants are immune from suit for damages under the ADA and the Rehabilitation Act.

10. The conduct of the defendants did not constitute threats, intimidation or coercion within the meaning of the Massachusetts Civil Rights Act.

11. The plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997(e).

12. The plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies under 42 U.S.C. §1997(e).

13. Plaintiff's action is insubstantial, frivolous, and not advanced in good faith, therefore defendants should be awarded costs, expenses, and interest as set forth in G.L. c. 231, sec.6F.

14. The defendants acted consistent with their lawful authority and their privilege to use force.

15. The plaintiff has failed to satisfy the presentment requirements of G.L. c. 258.

16. The defendants are immune from suit for alleged misconduct of its independent contractors.

17. The defendants acted in self-defense.

18. The defendants are not medical professional and are immune from suit under G.L. c. 258 §10 for the actions of their independent contractors.

19.    The plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies under M.G.L. c. 127, §§38F -38I.

20.  The defendants reserve the right to add additional defenses.

## **JURY DEMAND**

The defendants claim trial by jury on all issues herein triable by a jury.

Dated: August 18, 2021                    Respectfully submitted,

The defendants,
Department of Correction, Carol Mici, Stephen Kenneway, Dean Gray, Alexander Lussier, Christopher Shaw, Nicholas Polak, and David Keeler
**By their attorneys,**

NANCY ANKERS WHITE
Special Assistant Attorney General
 /s/Margaret S. Melville
Margaret S. Melville,
Senior Litigation Counsel
BBO No. 477970
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x1149
Margaret.Melville@massmail.state.ma.us

## **<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated: 8/18/2021                     Signed: <u>/s/ Margaret S. Melville</u>