UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERICLES CLERGEAU, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )        No. 1:21-cv-10136-AK |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
|     Defendants. | ) |

## DEFENDANTS' TRIAL BRIEF

Pursuant to the Court's Order Setting Case for Jury Trial (Document No. 104), Defendants submit this Trial Brief to bring to the Court's attention outstanding legal issues and foreseeable evidentiary disputes.

## I.  QUALIFIED IMMUNITY

Defendants intend to invoke their entitlement to qualified immunity from suit at the close of Plaintiff's case and at the close of evidence. The Court is well aware of the qualified immunity framework. See Memorandum and Order on Motion for Summary Judgment, Document No. 110 at pp. 13-14 (holding disputed facts at summary judgment stage preclude granting qualified immunity to Polak, Evans, Lussier and Shaw).

## II.  COMMON LAW IMMUNITY

In addition to the doctrine of qualified immunity, the defense reserves the right to rely on the similar but distinct doctrine of common law immunity. If properly raised and supported by the evidence, it provides a complete shield for liability against public officials.

Defendants contend they are entitled to common law immunity based a presumption or finding of good faith.

Under Massachusetts common law, "a public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice, and without corruption." The rule is

1

"that [t]here is every presumption in favor of the honesty and sufficiency of the motives actuating public officers in actions ostensibly taken for the general welfare."

Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 146 (1st Cir. 2016) (internal citations omitted).

III.   POTENTIAL IMPEACHMENT OF PLAINTIFF BASED ON OTHER STAFF ASSULATS.

Plaintiff Pericles Clergeau has a long history of assaults on correctional staff. For example, Mr. Clergeau has the following documented instances of assault while in the secure confines of a maximum-security correctional facility:

- April 19, 2019 – he assaulted another inmate with a weapon.

- August 4, 2019 – he assaulted staff with liquid.

- August 7, 2019 – he assaulted staff with liquid.

- August 9, 2019 – he assaulted staff with liquid.

- January 8, 2020 – he assaulted staff with liquid.

- August 25, 2019 – he assaulted staff with liquid.

- January 29, 2021 – he assaulted staff with liquid.

- September 11, 2020 – he assaulted officers in a protocol room while handcuffed.

- November 16, 2021 – he threatened a staff member while brandishing a weapon.

- February 29, 2023 – just days ago, and on the eve of trial, he and two other inmates yelled threats towards staff in the gym. Plaintiff punched a correction officer in the face, and chemical agent was needed to subdue him. The officer needed to be taken to an outside hospital.

At this juncture, Defendants have not made a decision on whether to cross Plaintiff based on his prior history of institutional misconduct and assaultive behavior. But such cross examination

would be permissible under Fed. R. Evid. 404(b). Especially in this case where Plaintiff seeks to introduce evidence of alleged derogatory names that Officer Shaw called him prior to the June 30, 2018 incident, which allegedly formed the basis of Plaintiff's decision to sucker punch Officer Shaw while he was seated at the officer's podium. Clearly, the Court's application of the rules of evidence concerning prior and subsequent bad acts should be applied with equal force as against all parties.

IV.   POTENTIAL IMPEACHMENT OF INMATE WITNESSES BASED ON CRIMINAL CONVICTIONS.

Plaintiff filed a motion *in limine* to preclude references to his underlying conviction for murder in the second degree. (Document No. 126). Defendants opposed by noting that Pursuant to Fed. R. Evid. 609(a)(1), crimes punishable by imprisonment for more than one year must be admitted for impeachment purposes in civil cases such as this. (Document No. 132). The Court (Kelley, J.) issued the following order: "Plaintiff's motion at Dkt. 126 is **DENIED** pursuant to Fed. R. Evid. 403. The Court may revisit this issue if for some reason it becomes relevant at trial." (Docket No. 142). However, it appears as though this docket entry is in error, as the Court (Kelley, J.) stated from the bench that she was inclined to allow Plaintiff's motion.

While arguably the probative value of ***Plaintiff's*** governing conviction is outweighed by undue prejudice, the same cannot be said for the three inmate witnesses he wishes to call. Ryan Tottenham, Joshua Reyes, and Steve Stephens are not parties to this case. No undue prejudice will befall Plaintiff if Defendants are permitted to impeach percipient witnesses based on their criminal convictions, which is permitted under Rule 609(a)(1). Defendants intend to cross on the following convictions:

- Joshua Reyes – Mr. Reyes is serving a life without parole sentence for murder in the first degree. He also has numerous convictions for assault and battery on a correction officer.

- Ryan Tottenham – Mr. Tottenham is serving a sentence of 10-12 years for armed robbery. He also has numerous convictions for assault and battery on a correction officer.

- Steve Stephen – At the time of the events in question, Mr. Stephen was serving a sentence of 5-7 years for a firearm violation.

V.    ALLEGED REGULATORY VIOLATIONS

Plaintiff seeks to introduce into evidence state regulations and policies governing the use of force, 103 CMR 505. Defendants do not object, provided that the Court provides a limiting instruction. As a general matter, Defendants are employees of the Department of Correction, and the Department of Correction is an agency of the Commonwealth of Massachusetts. Under state law, a state agency's interpretation of its own regulations and enabling statutes is entitled to considerable deference, so long as the agency's interpretation is not arbitrary, unreasonable or inconsistent with the plain terms of the regulation itself. Manor v. Superintendent, 416 Mass. 820, 824 (1994). Deference is particularly appropriate to prison officials charged with the maintenance of institutional safety and security. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). The violation of a state regulation does not entitle a plaintiff to an award of damages. Trustees of Boston University v. ASM Communications, 33 F. Supp.2d 66, 75 (D. Mass. 1998); Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 543 (1998);

Martino v. Hogan, 37 Mass. App. Ct. 710, 720-21 (1994), review denied, 419 Mass. 1106 (1995).

An alleged violation of a regulation is not actionable under 42 U.S.C. § 1983 unless the act complained of also violates a secured federal right, which in this case is the Eighth Amendment right to be free from cruel and unusual punishment. Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989). A regulatory violation, like a violation of state law, is not inherently sufficient to support a 42 U.S.C. § 1983 claim. Boveri v. Town of Saugus, 113 F.3d 4, 7 (1st Cir.1997). In other words, a plaintiff cannot rely upon provisions of state law, such as a state agency's own regulations, to determine what conduct is reasonable under the federal Constitution. Kraushaar v. Flanigan, 45 F.3d 1040, 1047 (7th Cir. 1995); see Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right."); White v. Olig, 56 F.3d 817, 821 (7th Cir. 1995) ("failure to follow procedures mandated by state but not federal law… can establish only a state law violation.").

In this case, Plaintiff has sued for damages for the alleged violation of his federal constitutional rights under the Eighth Amendment of the United States Constitution. To prevail on this claim, Plaintiff must prove, by a preponderance of the credible evidence, the elements of his claim against one or more of the defendants. Therefore, even if the jury believes that one or more of the defendants violated a state regulation, the jury cannot find in favor of Plaintiff unless it also determines that Plaintiff has proven each and every element of his Eighth Amendment claim by a preponderance of the credible evidence. If the jury finds a state regulatory violation or a violation of training standards, but not an Eighth Amendment violation, the jury must enter judgment in favor of Defendants.

VI.     ALLEGED FAILURE TO INTERVENE

Plaintiff appears to allege that each of the four remaining defendants used excessive force on him, not that any of these four defendants failed to intervene to prevent excessive force. Should Plaintiff recharacterize his claims in the course of trial and allege that any defendant failed to intervene and prevent another correction officer from using excessive force, Defendants will request additional instructions. See e.g. Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n. 3 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991); Wilson v. Town of Mendon, 294 F.3d 1, 14 (1st Cir. 2002), citing Davis v. Rennie, 264 F.3d 86, 98 n. 10 (1st Cir. 2001).

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: March 4, 2024                    /s/ Richard E. Gordon
                                        Richard E. Gordon, BBO #678741
                                        Max Bauer, BBO # 688891
                                        Department of Correction-Legal Division
                                        70 Franklin Street, Suite 600
                                        Boston, MA 02110
                                        617-727-3300
                                        Richard.Gordon@DOC.State.MA.US
                                        Max.A.Bauer@doc.state.ma.us

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 4, 2024                    /s/ Richard E. Gordon
                                        Richard E. Gordon, BBO #678741