UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PERICLES CLERGEAU, ) | | |
| Plaintiff ) | | |
| ) | | |
| V. ) | CIVIL NO. 1:21-cv-10136-AK | |
| ) | | |
| MASSACHUSETTS DEPARTMENT ) | | |
| OF CORRECTION, et al., ) | | |
| Defendants ) | | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT JOSEPH SAMPSON**

Plaintiff, Pericles Clergeau, respectfully moves this Honorable Court to default judgment against defendant Joseph Sampson, pursuant to Fed. R. Civ. P. 55(b)(2), or in the alternative, requests this Honorable Court permit Mr. Clergeau an extension of time to serve the complaint on Defendant Sampson.

**PROCEDURAL HISTORY**

1. Plaintiff filed this complaint on January 26, 2021 (Document No.1).

2. On January 26, 2021, Plaintiff filed a Motion for Leave to Proceed in *Forma Pauperis* (Document No. 3), which was granted on March 26, 2021 (Sorokin, J.) (Document No. 5).

3. On March 26, 2021, the Court issued summons as to all defendants (Document No. 8). The defendant's name and address was left blank on this summons and completed by Plaintiff, with instructions to have Defendant Sampson served at DOC Legal Division ("DOC Legal").

4. On May 24, 2021, the United States Marshals Service ("USMS") returned summons as unexecuted for Defendant Sampson (Document No. 18). The Process Receipt and Return indicates that the USMS was unable to locate and serve Defendant Sampson at the Department of Correction, 50 Maple Street, Suite 3, Milford, MA, and notes that Defendant Sampson no longer works at DOC.

5. On June 21, 2021, Mr. Clergeau filed a motion requesting waiver of service as to Defendant Sampson, whose address was under seal. (Document No. 26). On June 22, 2021, the Court ordered the DOC Legal to provide a response as to why it should not provide Defendant Sampson's address to Mr. Clergeau, or alternatively confirm that DOC Legal would accept service on his behalf. (Document No. 29).

6. On July 5, 2021, DOC Legal filed its response to the Court's order (Document No. 29), stating that DOC Legal would not accept service on behalf of Defendant Sampson because he is no longer a DOC employee, but would provide the USMS with Defendant Sampson's home address. The response also indicates that Defendant Sampson's address "may be obtained by calling undersigned counsel at her office."

7. On July 6, 2021, the Court (Sorokin, J.) entered an order (Document No. 30) stating that the "Clerk shall issue a summons for Joseph Sampson with no address for service listed. The DOC shall provide Mr. Sampson's home address, under seal, to the United States Marshals Service ("USMS") for service by the USMS. The Clerk shall redact the return of service so that the home address of Mr. Sampson does not appear on the docket."

8. On November 24, 2021, the summons for Defendant Sampson was returned executed (Document No. 50).[1] The Process Receipt and Return lists Defendant as Joseph R. Sampson, to be served at DOC Legal Division's Boston address to the attention of Attorney Melville and indicates that "This defendant's home address is under seal and shall be served summons at the DOC Legal Div." Plaintiff's signature is dated July 31, 2021. The bottom of this page also shows that the U.S. Marshal Michael Hughes personally served DOC Legal Division Paralegal on November 8, 2021. The Summons in Civil Action, page 2 of Document No.50, has Defendant Sampson's name and DOC Legal Division's address hand written under "Defendant's name and address." The proof of service, page 3 of Document No. 50, again indicates that Defendant Sampson was served on November 8, 2021 and a paralegal for DOC Legal accepted service. The Court ordered Defendant Sampson to file an answer by November 29, 2021.

9. As of the date below, Defendant Sampson has not served an answer or other responsive pleading on Plaintiff.

**ARGUMENT**

I. **DEFAULT JUDGMENT IS APPROPRIATE. IN THE ALTERNATIVE, THE COURT SHOULD ALLOW PLAINTIFF AN OPPORTUNITY TO SERVE THE COMPLAINT ON DEFENDANT SAMPSON.**

Proof of service is generally accepted as prima facie evidence that service was validly performed. *See Blair v. City of Worcester,* 522 F.3d 105, 111 (1st Cir., 2008). According to the facts provided above, Defendant Sampson was served by the USMS through DOC Legal. Plaintiff, a *pro se*, litigant at the time, relied on the proof of service filed by the USMS to

---

[1] See "Exhibit 1"

3

confirm that service was properly made and had little to no means to confirm that the USMS complied with the Court's instructions on service. For that reason, Plaintiff requests that this Court find service was proper and enter a default judgment against Defendant Sampson.

In the alternative, if the Court is not inclined to find that service was proper, it is in this Court's discretion to permit Plaintiff further opportunity to properly serve Defendant Sampson with the complaint.

### A. The Court has Discretion to Grant an Extension of Time for Service of Process Under Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure provides "if the plaintiff shows good cause for the failure [to effect proper service], the court must extend the time for service for an appropriate period. The First Circuit has held that good cause exists where service was not properly made as a result of an error by the service processor, and the plaintiff has completed all the steps within their power necessary to effectuate such service. *Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir., 1993). Furthermore, this Court has held that good cause "is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance, or the plaintiff is proceeding pro se or in forma pauperis." *McIsaac v. Ford*, 193 F. Supp. 2d. 382, 383 (D. MA, 2002). Additionally, the Court may consider whether either party would be prejudiced by allowing additional time for service or dismissing the complaint for failure to properly serve. *See Benjamin v. Grosnick, supra*.

In the present case, there is good cause to allow Plaintiff additional time to properly serve Defendant Sampson. First and foremost, Plaintiff was proceeding *pro se* and in *forma pauperis* at the time of attempted service. Plaintiff did all in his power while incarcerated to ensure proper service of all defendants without having access to their personal addresses, which were under seal. He initially requested that Defendant Sampson be served at DOC Legal Division through DOC counsel. Upon learning that DOC Legal did not represent Defendant Sampson when the summons was returned unexecuted on May 24, 2021, Plaintiff filed a motion to request waiver of service, which prompted the Court to issue the June 22, 2021 order, instructing DOC Legal to either provide the sealed addresses to USMS or indicate whether DOC Legal would accept service for the former employee defendants, including Defendant Sampson. Following the Court's July 6, 2021 order (Document No. 30), Plaintiff relied entirely on the USMS to obtain the Defendant Sampson's address from DOC Legal Division and effectuate proper service.

A closer look at the summons filed as page 2 of Document No. 50 reveals that the USMS used the first summons for Defendant Sampson completed by Plaintiff in March of 2021. There are two lines at top of this page where the case information and document number are located. The most prominent line reads "Document 50 Filed 11/24/21 Page 2 of 3", but just behind and slightly above that, another line reads "Document 8 Filed 03/26/21 Page 1 of 2." On July 6, the Court ordered the Clerk to issue a new blank summons for Defendant Sampson to be completed by the USMS upon receiving Defendant Sampson's address from DOC Legal Division. The new blank summons was issued on July 6 and docketed as Document No. 31.

Clearly, the USMS did not follow the Court's instructions and instead used the previous summons completed by Plaintiff in March 2021. The USMS should have used the new blank summons (Document 31), which would be marked with "Document 31 Filed 07/06/21 Page 1 of 2" at the top of the page. Although Plaintiff signed the Process Receipt and Return on July 31, 2021, Plaintiff relied entirely on the USMS to follow the Court's instructions and believed that service had been properly effectuated when he signed the Process Receipt and Return. Likewise, Plaintiff, proceeding *pro se*, did not recognize from the Process Receipt and Return that Defendant Sampson had not been served personally in accordance with the Court's instructions.

The factors, as outlined by this Court in *McIsaac*, demonstrate that good cause exists to permit Plaintiff an opportunity to properly serve the complaint on Defendant Sampson. Moreover, Defendant Sampson will not be prejudiced by allowing further opportunity for proper service because he would then have an opportunity to file an answer and defend himself against the claims. Conversely, Plaintiff would be prejudiced by a dismissal of the complaint against Defendant Sampson for improper service because the statute of limitations has run and he cannot simply re-file his complaint against Defendant Sampson.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests this Honorable Court allow this Motion for Default Judgment against Defendant Sampson, or alternatively, grant Plaintiff an extension of 120 days to properly serve the complaint on Defendant Sampson.

|  |  |
|---|---|
| Dated: July 17, 2024 | Respectfully Submitted<br>For the Plaintiff,<br>PERICLES CLERGEAU,<br><br>/s/ Natalie Sreca<br>Natalie Sreca, BBO #706732<br>Joseph B. Simons, BBO #684030<br>Simons Law Office<br>10 Post Office Square, Suite 800<br>Boston, MA  02109<br>(617) 544-9000 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail to Joseph Sampson on July 17, 2024.

/s/ Natalie Sreca
Natalie Sreca